IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mitsui Sumitomo Insurance Co.
of America, *et al.*,

        Plaintiffs,

v.

SheerTrans Solutions, LLC,

        Defendant.

Case No. 2:24-cv-1513
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

<u>Opinion and Order</u>

    Plaintiffs Mitsui Sumitomo Insurance Company of America and Sony Electronics, Inc. bring this contract and negligence action against defendant SheerTrans Solutions, LLC.  In 2022 Sony entered into contracts with SheerTrans to transport three shipments of Sony goods, which were insured by Mitsui.  The goods were to be shipped from Carson, California to Dinuba, California.  The complaint alleges that subcontractors of SheerTrans stole a substantial portion the shipments, resulting in loss in excess of $300,000.

    Plaintiffs brought suit in this Court, asserting that venue is proper pursuant to a forum selection clause in one of the contracts.  The complaint further asserts that the Court has subject matter jurisdiction through the diversity of the parties.  *See* 28 U.S.C. § 1332.  The complaint alleges that Sony is a Delaware corporation with its principal place of business in California and that Mitsui is a New York corporation with its principal place of business in New Jersey.  *See id.*, § 1332(c)(1) (providing that a corporation is deemed a citizen of the state in which it is incorporated and the state in which it has its principal place of business).

    The complaint further alleges that SheerTrans is a limited liability company organized under the laws of Missouri and with its principal place of business also in Missouri.  However, plaintiffs "erred in assuming that a limited liability company, like a corporation, is a citizen of its states of organization and principal place of business.  The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

"When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Id.* "And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*; *see also Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

The Magistrate Judge ordered that materials be submitted from which the Court could make a determination of whether diversity jurisdiction exists. *See* Docs. 11, 21. The Magistrate Judge expressly advised the parties "that failure to demonstrate complete diversity of citizenship of the parties will result in dismissal of this action without prejudice for lack of subject-matter jurisdiction." Doc. 11 at PAGEID 112 (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")); *see also Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007) (holding that subject matter jurisdiction may be raised by the court "at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction").

The materials submitted to the Court establish that the parties are not diverse. The sole member of defendant SheerTrans Solutions, LLC is SheerTrans Holdings, LLC. *See* Docs. 18, 26. The members of SheerTrans Holdings, LLC include SheerTrans Parent, LLC, and, in turn, the members of SheerTrans Parent, LLC include five separate limited partnerships. *See* Docs. 18, 26.

A "limited partnership is deemed to be a citizen of every state where its general and limited partners reside." *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005). Here, the record establishes that the limited partners of the five limited partnerships include individuals who are citizens of Delaware, California, New York, and New Jersey. *See* Doc. 26, ¶ 5.

Because defendant SheerTrans Solutions, LLC has sub-members who are citizens of the same states in which the plaintiff corporations are incorporated and have their principal places of business (Delaware, California, New York, and New Jersey), the Court finds that it does not have diversity jurisdiction over this action. *See Carden v. Arkoma Associates*, 494 U.S. 185, 189, 192–197 (1990) (to meet the complete diversity requirement, all members of an unincorporated entity association must be diverse from all parties on the opposing side).

On a final note, the Court's conclusion that it lacks subject matter jurisdiction is not disturbed by the complaint's reference to the federal Carmack Amendment, 49 U.S.C. § 14706. The

complaint asserts breach of contract and negligence claims only. According to the complaint, the contracts between Sony and SheerTrans incorporated certain standards which have the Carmack Amendment as their source, but plaintiffs are not asserting a claim under Carmack. Plaintiffs confirmed the nature of their contract claim in a separate filing, stating that liability arises out of the parties' contractual agreement and "not by force of law [the Carmack Amendment]" and that they "filed this action under this Court's diversity jurisdiction because Plaintiffs recognized that this is not an interstate shipment" to which Carmack would apply because the shipments at issue were "wholly intrastate" within California. Doc. 17 at PAGEID 159–160. *See generally Swift Textiles, Inc. v. Watkins Motor Lines, Inc.*, 799 F.2d 697, 699 (11th Cir. 1986) (holding that Carmack does not apply to intrastate shipments).

Accordingly, the Court finds that it lacks subject matter jurisdiction and thus dismisses this action without prejudice.

*sl James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: August 8, 2024